**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

CARLOS JOSE RAMIREZ-PEREZ,
Petitioner,
v.
FERETI SEMAIA, et al.,
Respondents.

Case No. 5:26-cv-04499-ACCV

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. RULING

On August 10, 2026, Petitioner Carlos Jose Ramirez-Perez ("Petitioner") filed a verified Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241, against Fereti Semaia, et al. (Dkt.1.) On August 17, 2026, Respondents filed an answer in which they state, "[t]he Respondents are not presenting an opposition argument at this time." (Dkt. 8 at 2.) For the reasons that follow, the Court grants the Petition and orders Respondents to immediately release Carlos Jose Ramirez-Perez (A# 246-397-691) from custody.

## II. FACTUAL AND LEGAL BACKGROUND

Petitioner is a Nicaraguan citizen who entered the United States at or near El Paso, Texas, on November 25, 2022. (Dkt. 1 at 3.) Petitioner was released on parole on November 28, 2022, after being detained for several days. (Dkt. 1 at 2.) He was

paroled under INA §212(d)(5). (*Id*. at 2.)

Petitioner fully complied with all ICE reporting instructions while on parole. (Dkt. 1 at 2.) He submitted an asylum application within the one-year deadline. (*Id*.) He maintained stable residence in Los Angeles County and notified ICE of any changes in his residence. (*Id*.) He built significant community ties, including a client network for his mechanic services. (*Id*.) He also developed friendships and working relationships with his co-workers and employers. (*Id*. at 4-5.) He did not commit any crimes. (*Id*. at 4.)

On July 20, 2026, ICE arrested Petitioner at his ICE appointment without advance notice, without cause, and without a hearing. (Dkt. 1 at 2.) Petitioner was then transported to the Adelanto Detention Center where he remains detained. (*Id*. at 6, 9.)

On August 10, 2026, Petitioner filed the Petition. In the Petition, Petitioner argues that Respondents violated his Fifth Amendment due process rights. (Dkt. 1 at 30-32.) Petitioner seeks, among other things, his immediate release; the return of his belongings confiscated during his arrest; and an order enjoining ICE from detaining him without notice and a hearing before a neutral adjudicator where the Government bears the burden of proof to show by clear and convincing evidence that Petitioner is a flight risk or danger to the community and that no combination of conditions could reasonably assure Petitioner's future appearance and/or safety of the community. (Dkt. 1 at 3.)

On August 17, 2026, Respondents filed Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer"). (Dkt. 8.) In the Answer, Respondents state, "Respondents are not presenting an opposition argument at this time." (Dkt. 8 at 2.)

## III. LEGAL STANDARD

Federal district courts possess the authority to grant petitions for writ of habeas corpus by a person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "[T]he essence of

habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). "[A]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Rasul v. Bush*, 542 U.S. 466, 474, 124 S. Ct. 2686, 2692, 159 L. Ed. 2d 548 (2004). "The petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *see also Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025) (noting that immigration detainee bears burden of proving by a preponderance of the evidence that he is entitled to habeas relief).

## IV. DISCUSSION

Petitioner's requested relief, among other things, is an order granting the Petition and that Petitioner be released immediately. (Dkt. 1 at 32.) In Respondents' Answer, Respondents plainly state, "Respondents are not presenting an opposition argument at this time." (Dkt. 8 at 2.) Respondents also state, "[s]hould the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (*Id.*) Given Respondents' concession, nothing more need be said. *See Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession). Given Respondents' non-opposition and the absence of procedural safeguards accorded to Petitioner in advance of detention, the Court finds that it is appropriate to grant the Petition and order that Petitioner be immediately released on the same conditions as prior to detention.

## V. CONCLUSION

For the reasons stated, the Court GRANTS the Petition and ORDERS:

(1) Respondents to release Petitioner Carlos Jose Ramirez-Perez (A# 246-397-691) immediately under the same conditions as he was released prior to his re-detention;

(2) Respondents to return all property to Petitioner that was confiscated from him when he was arrested and processed into detention;

(3) Respondents to file a statement with the Court within three days of Petitioner's release, attesting to Respondents' compliance with this Order; and

(4) That any future enforcement actions after Petitioner's release must comply with Due Process requirements.

DATED: August 20, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge